IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED JAN 24 2011 IN THIS OFFICE Clerk U. S. District Court Greensboro, N. C. By

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:10CR341-1 |
| v. | : | |
| RUBEN D. MCLAIN | : | PLEA AGREEMENT |

NOW COMES the United States of America, by and through John W. Stone, Jr., Acting United States Attorney for the Middle District of North Carolina, and the defendant, RUBEN D. MCLAIN, in his own person and through his attorney, David B. Freedman, and state as follows:

1. The defendant, RUBEN D. MCLAIN, is presently under Indictment in case number 1:10CR341-1, which in Count One charges him with a violation of Title 18, United States Code, Section 371, conspiracy to defraud the United States; which in Counts Two, Three and Four charge him with violations of Title 18, United States Code, Section 1014, false statements to a financial institution; which in Counts Five, Nine, Eleven, Fourteen, Twenty-Two, Twenty-Three and Twenty-Four charge him with violations of Title 26, United States Code, Section 7202, failure to pay over payroll taxes; which in Counts Six, Seven, Twelve and Fifteen charge him with violations of Title 18, United States Code, Section 1347, health care fraud; which in Counts Thirteen, Sixteen, Twenty-One and Twenty-Five charge him with violations of Title 26, United States Code, Section 7201, tax evasion; and which in Counts

Seventeen, Eighteen, Nineteen and Twenty charge him with violations of Title 18, United States Code, Section 1957, money laundering.

2. The defendant, RUBEN D. MCLAIN, will enter a voluntary plea of guilty to Counts One, Nine, Twelve and Twenty-Five of the Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, RUBEN D. MCLAIN, understands that the maximum term of imprisonment provided by law for Count One of the Indictment is not more than five years, and the maximum fine for Count One of the Indictment is $250,000, or both. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

    b. The defendant, RUBEN D. MCLAIN, understands that the maximum term of imprisonment provided by law for Count Nine of the Indictment is not more than five years, and the maximum fine for Count Nine of the Indictment is $10,000, and the costs of prosecution, or both. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

    c. The defendant, RUBEN D. MCLAIN, understands that the maximum term of imprisonment provided by law for Count Twelve of the Indictment is not more than ten years, and the maximum fine for

Count Twelve of the Indictment is $250,000, or both. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

    d. The defendant, RUBEN D. MCLAIN, understands that the maximum term of imprisonment provided by law for Count Twenty-Five of the Indictment is not more than five years, and the maximum fine for Count Twenty-Five of the Indictment is $100,000 and the costs of prosecution, or both. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

    e. The defendant, RUBEN D. MCLAIN, also understands that, as to Counts One, Nine, Twelve and Twenty-Five, that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, as to each count, pursuant to Title 18, United States Code, Section 3583.

    f. The defendant, RUBEN D. MCLAIN, also understands that as to Counts One, Nine and Twenty-Five of the Indictment herein, that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to the Internal Revenue Service, including restitution for any actual losses and relevant conduct for which the Court determines he is accountable under Section 2B1.1(b)(1) of the advisory Sentencing

3

Guidelines, pursuant to Title 18, United States Code, Section 3663A and Title 18 United States Code, Section 3663A(a)(3).

    g. The defendant, RUBEN D. MCLAIN, further understands that, as to Count Twelve of the Indictment herein, that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any person or program directly harmed by the defendant's conduct in the course of the scheme set forth in Count Twelve of the Indictment, pursuant to Title 18, United States Code, Section 3663A.

    h. The defendant, RUBEN D. MCLAIN, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

    i. The defendant, RUBEN D. MCLAIN, understands that if he is not a citizen of the United States that entering a plea of

4

guilty may have adverse consequences with respect to his immigration status. The defendant, RUBEN D. MCLAIN, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences her guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

3. By voluntarily pleading guilty to Counts One, Nine, Twelve and Twenty-Five of the Indictment herein, the defendant, RUBEN D. MCLAIN, as to Counts One, Nine, Twelve and Twenty-Five of the Indictment herein, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove her guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, RUBEN D. MCLAIN, is going to plead guilty to Counts One, Nine, Twelve and Twenty-Five of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, RUBEN D. MCLAIN, to Counts One, Nine, Twelve and

Twenty-Five of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining counts of the Indictment as to the defendant, RUBEN D. MCLAIN. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

      b. It is understood that if the Court determines at the time of sentencing that the defendant, RUBEN D. MCLAIN, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

      6. It is further understood that the United States and the defendant, RUBEN D. MCLAIN, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

      7. The defendant, RUBEN D. MCLAIN, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made

6

Case 1:10-cr-00341-JAB   Document 17   Filed 01/24/11   Page 6 of 7

at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 24th day of ~~December~~ Jan, ~~2010~~ 2011.

| | |
|---|---|
| | _____ |
| | DAVID B. FREEDMAN |
| JOHN W. STONE, JR. | Attorney for Defendant |
| Acting United States Attorney | |
| | |
| _____ | _____ |
| ROBERT M. HAMILTON | RUBEN D. MCLAIN |
| LASB # 1400 | Defendant |
| Assistant United States Attorney | |

P. O. Box 1858
Greensboro, NC 27402

336/333-5351

7