IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | FACTUAL BASIS |
| | : | |
| V. | : | |
| | : | |
| RUBEN D. MCLAIN | : | 1:10CR341-1 |
| MICHELLE JUDGE MCLAIN | : | 1:10CR341-2 |

NOW COMES the United States of America, by and through Ripley E. Rand, United States Attorney for the Middle District of North Carolina, and as a factual basis under Rule 11, Federal Rules of Criminal Procedure, states the following:

COUNT ONE

RUBEN MCLAIN and MICHELLE JUDGE MCLAIN conspired to evade income taxes for the years 2004 through 2007 by disguising and concealing ownership of bank accounts. Specifically, from 2004 through 2007, Universal Services, Inc., also doing business as Reynolds Home Care, received millions of dollars from the state Medicaid program paid into account number XXX7380 at Wachovia Bank. The account was opened on May 25, 2004, in the name of Universal Services, Inc., by RUBEN MCLAIN and MICHELLE JUDGE MCLAIN. Several signature cards for this account were executed by the defendants and a false tax identification number of 20-0870710 was provided to the bank on each card. Tax identification numbers (TIN) are issued by the Internal Revenue Service and serve as a means for IRS to track income and interest income for businesses. Tax identification number 20-0870710 has never been issued by the IRS.

In May of 2004, MICHELLE JUDGE MCLAIN obtained a tax identification number from the IRS for Universal Services, Inc., of 20-108XXXX. Wachovia was not provided with this correct TIN for Universal Services, Inc.

The defendants used business bank accounts to purchase personal items for their home and to pay school tuition for their children. Business bank accounts were also used to purchase jewelry and pay for personal trips. The defendants did not have any personal bank accounts.

The defendants both received wages but MICHELLE JUDGE MCLAIN instructed an employee not to withhold any amount from the wages. In 2006 alone, IRS auditors identified over one-million dollars in personal items or property purchased for the benefit of the defendants using business accounts. During the time from 2004 through 2007, the defendants either failed to file tax returns or filed false tax returns which did not declare their true income.

A substantial tax was due and owing for years 2004 through 2007. The defendants did not provide complete financial information to the accountants who prepared tax returns for the defendants. On February 28, 2006, accountant V.T. prepared a 1040 Joint Return for 2005 indicating the McLains owed $113,122 in taxes. However, this return was never filed with the IRS.

## COUNTS EIGHT AND TWELVE

### COUNT EIGHT

Medicaid is a federally funded health care benefit program established in 1965, which operates in all fifty states and therefore operates in and affects commerce. The program provides medical insurance for individuals whose incomes are insufficient to meet the costs of necessary medical expenses. The program includes children and disabled individuals.

The Medicaid program pays for various services including outpatient doctor visits, diagnostic tests and personal care services. An individual who qualifies for personal care services can receive assistance with dressing, bathing, eating and household chores by a personal care provider.

The Medicaid program in North Carolina is administered by the Division of Medical Assistance (DMA) of the North Carolina Department of Health and Human Services. A substantial portion of the DMA budget is funded by the United States Department of Health and Human Services.

DMA has established various procedures and regulations in connection with personal care services funded by the Medicaid program. One of the regulations requires that a registered nurse must supervise the personal care staff by conducting a supervisory visit in the <u>recipient's home</u> with the recipient <u>present</u> within ninety days of the initial assessment visit and at least every

3

ninety days thereafter[1].

The McLains, through a company called Universal Services, Inc., billed the Medicaid program for personal care services. MICHELLE JUDGE MCLAIN is a licensed registered nurse who signed off on supervisory visits required by the Medicaid personal care regulations.

On November 15, 2005, MICHELLE JUDGE MCLAIN, RN, signed a "Supervisory Visit" form for patient D.A. The form indicated that the client continued to need PCS (personal care services) and that no changes occurred in the patient's medical condition. In fact, patient D.A. died on October 9, 2005, as reflected in her death certificate. Accordingly, the signature and other notations on the "Supervisory Visit" form constitute false entries in medical records in connection with the Medicaid program in violation of 18 U.S.C. 1035.

## COUNT TWELVE

The Medicaid program also pays for mental health services and counseling for qualified beneficiaries. RUBEN MCLAIN and MICHELLE JUDGE MCLAIN provided mental health services through a company called Technicare, also known as Triage Behavioral Health Systems.

Companies that wished to render mental health services to North Carolina eligible Medicaid patients were required to submit

---

[1] DMA Manual for Personal Care Services 7.9; 10A NCAC 13 J. 1110 (NC Admin. Code).

4

an enrollment application to the North Carolina Division of Medical Assistance.

In July 2002, another McLain entity called Quality Personal Care, had been subjected to disciplinary action by CentrePoint, an agent of DMA used to accredit and supervise DMA providers.

On or about October 28, 2004, Technicare entered into a services agreement with CentrePoint which was signed by "Denise Simpkins." Former employee P.L. will testify that MICHELLE MCLAIN signed as Denise Simpkins in his presence in order to conceal involvement of Ruben and Michelle McLain.

On April 6, 2006, Triage Behavioral Health Systems, LLC, submitted an enrollment application to DMA which concealed any involvement of RUBEN MCLAIN and MICHELLE JUDGE MCLAIN. The application listed a McLain employee named P.L. as "Director" and "Denise Simpkins" as "Vice-President." The social security number on the application listed for "Denise Simpkins" actually belongs to a woman living in the Atlanta area. The address for Simpkins was a residence owned by the McLains in Woodstock, Georgia. The license number for "Denise Simpkins" is the Georgia license number of MICHELLE JUDGE MCLAIN. Former employee K.O. recognized MICHELLE JUDGE MCLAIN's handwriting on the application to DMA for Triage Behavioral Health System on April 6, 2006, which falsely lists "Denise Simpkins" as sixty-four percent owner.

The bank account for "Triage Behavioral Health" was opened at

Wachovia on June 12, 2006, by RUBEN MCLAIN and MICHELLE JUDGE MCLAIN who were listed as vice-president and president, respectively. Employee P.L. and Denise Simpkins are not listed on the bank account. Articles of Organization were filed with the North Carolina Secretary of State office on March 8, 2006, for Triad Behavior Health Systems listing "John Worthington" as member and manager. Employee records maintained by the McLains do not reveal the existence of a John Worthington. As noted above, the bank account for Triage Behavioral Health does not list John Worthington. On December 10, 2008, RUBEN MCLAIN dissolved Triad Behavioral Health (TBH) Systems by filing an Article of Dissolution with the North Carolina Secretary of State office. The address for TBH listed with the North Carolina Secretary of State belonged to a McLain employee's mother and no business was actually conducted from the location provided to the North Carolina Secretary of State.

Employee P.L. was interviewed and denied knowing a "Denise Simpkins" but admitting signing and completing the enrollment application as instructed by RUBEN MCLAIN. A review of the McLain companies' employment records does not show the existence of any employee named Denise Simpkins.

Testimony from former employees would show that, in addition to Count Eight noted above, MICHELLE JUDGE MCLAIN would sign as the registered nurse on plans of care and supervisory visit forms

6

without having any personal knowledge of the veracity of the information contained on the form. For instance, MICHELLE JUDGE MCLAIN signed a "Supervisory Visit" form[2] for patient C.W. indicating that MICHELLE JUDGE MCLAIN had visited patient C.W. in the patient's home on January 3, 2006. In fact, MICHELLE JUDGE MCLAIN was on vacation in Jamaica on January 3, 2006 as evidenced by her passport stamps.

Former employees of the McLain's would testify that on or about November 2, 2005, and February 14, 2006, auditors from the North Carolina Division of Medical Assistance visited the offices of Reynolds Home Care. The auditors asked for numerous patient charts including that of C.W.

Former employee K.W. would testify that she witnessed MICHELLE JUDGE MCLAIN adding nursing assessments to four or five medical charts before the charts were given to the DMA auditors. Employee L.J. advised that she observed MICHELLE JUDGE MCLAIN completing and adding signatures on eighty to eighty-five percent of the files requested by DMA. Former employee R.N. stated MICHELLE JUDGE MCLAIN added assessments or supervisory visits to files requested by DMA auditors.

## COUNT NINE

Reynolds Home Care, LLC, was registered with the North Carolina Secretary of State on January 13, 2005, by RUBEN D.

---

[2] Count Ten of the Indictment.

7

MCLAIN. A bank account was opened at Wachovia Bank on July 15, 2004, in the name of Reynolds Home Care, LLC, listing MICHELLE JUDGE MCLAIN as president and RUBEN D. MCLAIN as treasurer.

Reynolds Home Care, LLC, was used by the defendants as the employing and payroll entity for most of the employees working for the McLains. In the first quarter of 2006, Reynolds Home Care, LLC, and the defendants deducted $80,721.22 in the form of income tax and federal insurance contributions (social security and Medicare taxes) from employees but did not pay this amount over to the Internal Revenue Service. Former payroll clerk, K.O. who worked for the defendants from January 2003 until August 2006 would testify that MICHELLE JUDGE MCLAIN instructed K.O. to pay quarterly state taxes. K.O. would testify that she was never instructed to pay any employee withholding taxes to the IRS. K.O. would also testify that federal withholding taxes were deducted from employee paychecks. Former employee K.W. was advised by MICHELLE JUDGE MCLAIN "not to worry" about filing federal tax withholding forms.

## COUNT TWENTY-FIVE

For tax year 2007, RUBEN D. MCLAIN and MICHELLE JUDGE MCLAIN attempted to evade and defeat income due and owing to the United States by filing false tax returns. On or about April 15, 2008, RUBEN D. MCLAIN submitted an individual 1040 tax return claiming taxable income of minus $37,722.00. On or about April 15, 2008, MICHELLE JUDGE MCLAIN submitted an individual 1040 tax return

8

claiming income of minus $72,529.00. An audit of their bank statements revealed a taxable income of $457,804.00 with a tax due and owing of $149,925.00.

This the 20th day of January, 2011.

>Respectfully submitted,
>
>RIPLEY RAND
>United States Attorney
>
>/S/ ROBERT M. HAMILTON
>Assistant United States Attorney
>LASB #1400
>United States Attorney's Office
>Middle District of North Carolina
>P.O. Box 1858
>Greensboro, NC 27402
>Phone: 336/333-5351

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | FACTUAL BASIS |
|---|---|---|
| V. | : | |
| RUBEN D. MCLAIN | : | 1:10CR341-1 |
| MICHELLE JUDGE MCLAIN | : | 1:10CR341-2 |

CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2011, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David B. Freedman, Esq.
Walter C. Holton, Jr.

/S/ ROBERT M. HAMILTON
Assistant United States Attorney
LASB #1400
United States Attorney's Office
Middle District of North Carolina
P.O. Box 1858
Greensboro, NC 27402
Phone: 336/333-5351

10