IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | 1:10CR00341 |
| | ) | |
| RUBEN D. MCLAIN | ) | |

### MOTION FOR A DOWNWARD VARIANT SENTENCE

NOW COMES the defendant, RUBEN D. MCLAIN, through counsel, and hereby moves this Court to grant the defendant a downward variance from his guideline range. In support thereof, the defendant states as follows:

### ARGUMENT

Post-Booker, as this Court well knows, the U.S.S.G. are now but one of the factors under 3553(a). As the U.S.S.G. are not no longer mandatory for the imposition of sentences, Judges are free to exercise judicial discretion in crafting just and appropriate sentences for particular defendants. In the 18 plus years that the U.S.S.G. were in place as a mandatory requirement for sentencing, it became quite clear that attempting to apply hard and fast rules, like those of physics, to the infinite variety of actions and circumstances of humans, was ultimately a fruitless exercise.

Now, of course, Circuit Courts review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The review is for both procedural and substantive error. Included in the procedural arena is the explanation for the chosen sentence- including an explanation for any deviation from the Guidelines range. The Fourth Circuit has stated it thusly:

"Regardless of whether the District Court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d. 325, 330 (4th Cir. 2009).

When analyzing the sentencing factors according to 18 U.S.C. 3553(a), the defendant contends that a sentence below the guideline range is appropriate. The first factor to be examined is (a)(1) the nature and circumstances of the offense and the history and characteristics of the defendant. The nature of the offense in this matter is non-violent. The defendant has been gainfully employed for his adult life and has provided for his four children. The defendant has no criminal convictions.

When examining the history and characteristics of the defendant, the Court will see nothing but an extremely accomplished man who has dedicated his life to both his profession and his family. Clearly, the behavior that has brought about these criminal convictions is aberrant. . The defendant has extremely strong family support due, in no small part, to his dedication to his family over the course of his life.

Under 3553(a)(2) the Court is to examine several factors when determining what sentence it should impose. The first factor the statute outlines is the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. The defendant will, forever be a convicted felon. That, in and of itself, is a very strong punishment for a man of defendant's background. There is no question that regardless of what sentence is imposed by the Court, the offense has been treated very seriously, and the very prosecution of the defendant promotes respect for the law. The defendant does not need to receive sentence in the guideline range to satisfy any of the requirements of this subsection.

The next factor to be examined is to afford adequate deterrents to criminal conduct. The

prosecution and conviction of the defendant alone provides great deterrents for others similarly situated. To be labeled a felon and to be prevented from engaging in your lifetime profession shows the public that such actions have repercussions and will not be treated lightly, regardless of the punishment imposed. The next factor, to protect the public from further crimes of the defendant, has been addressed by the prosecution and conviction of the defendant. As a result of the loss of defendant's livelihood, he will not be in a position to commit this crime in the future. The final factors of this subsection do not apply in this case.

The Statute refers to the need to provide restitution to any victims of the offense. The defendant has every intention of making restitution in this matter.

The guideline range for the defendant is currently 37 to 46 months, so if the Court remains within the guidelines, the Court could have the option of sentencing the defendant to a lesser sentence where he would be in a position to more immediately provide for the care of his four children. If, however, the Court varies from the guideline range the Court could have the option of sentencing the defendant to a sentence lower than his guideline range, where he would be in a position to sooner provide for his children. Defense counsel contends that a variant sentence would be appropriate in this case in that it will allow the defendant to continue to care for his family and will adequately address the concerns of 18 U.S.C. 3553(a). Such a sentence would be sufficient but not greater than necessary to comply with the purposes set forth in the statute.

This the 27th day of June, 2011.

        CRUMPLER FREEDMAN PARKER & WITT
        Attorneys for the Defendant

        By:/s David B. Freedman
            David B. Freedman
            301 N. Main Street, Suite 1100
            Winston-Salem, NC 27101
            Tel. (336) 725-1304
            NC State Bar No. 10334
            david@cfpwlaw.com

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CERTIFICATE OF SERVICE |
| | ) | 1:10CR00341 |
| RUBEN D. MCLAIN | ) | |

The undersigned hereby certifies that he is an attorney at law licensed to practice in the State of North Carolina, is attorney for the defendant and is a person of such age and discretion as to be competent to serve process.

That on the 27th day of June, 2011, he electronically filed the foregoing MOTION FOR DOWNWARD VARIANT SENTENCE with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

ADDRESSEE:     Mr. Robert M. Hamilton
Assistant United States Attorney
Randall.galyon@usdoj.gov

Mr. Walter C. Holton, Jr.
wholton@walkerholton.com

                               CRUMPLER FREEDMAN PARKER & WITT
                               Attorneys for the Defendant

                               By:/s/ David B. Freedman
                               David B. Freedman
                               301 North Main Street, Suite 1100
                               Winston-Salem, NC 27101
                               (336) 725-1304
                               State Bar No. 10334
                               david@cfpwlaw.com